UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES R. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-2655 |
| ) | |
| WILLIAM SIM, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

This matter is before the Court on defendants' partial motion to dismiss plaintiff's complaint. Plaintiff James Brown brought suit against William Sim and Potomac Electric Power Company ("PEPCO"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12201, et seq. ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq. (the "Rehabilitation Act") and 42 U.S.C. §§ 1985 and 1986, asserting claims of intentional infliction of emotional distress and breach of contract.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants move to dismiss plaintiff's claim for intentional infliction of emotional distress (Count VIII) as well as all claims under the Rehabilitation Act.[1] Defendants also move to dismiss Count XII, alleging violations of 42 U.S.C. §§ 1985 and 1986. After careful review of the complaint, defendants' motion to dismiss, plaintiff's opposition, and defendants' reply, the Court grants

---

[1] Although the Complaint purports to raise a claim under the Rehabilitation Act, see Compl. at 1, none of the twelve counts in the Complaint cites the statute.

defendants' motion to dismiss plaintiff's claims under the Rehabilitation Act, his conspiracy claims under 42 U.S.C. §§ 1985 and 1986, and his claim for intentional infliction of emotional distress for failure to state a claim upon which relief can be granted.

## I.  BACKGROUND

Plaintiff is an African-American male who has been employed by PEPCO in the Underground Construction and Maintenance Department in Washington, D.C. for the last eleven years.  See Complaint ("Compl.") ¶ 1.  During his tenure with PEPCO, plaintiff has risen through several promotions to a position as crew leader, a pay grade fifteen position.  Id. at n.1.  On March 17, 1999, plaintiff suffered an injury to his right wrist while working with a jackhammer on site.  See Compl. ¶ 2.  Plaintiff sought medical attention, but the severity of the injury necessitated prolonged treatment and eventual surgery.  As a result of his injury, plaintiff was placed on "restricted light duty" work status at a lower pay scale and his physical work assignments were reduced to suit his condition.  See id.  From March 1999 to April 2002, plaintiff underwent extensive physical therapy and rehabilitation for his wrist under the care of Dr. William Vetter.  See id.

On April 2, 2002, after three years of treatment, plaintiff sought reevaluation from Dr. Vetter so that he could return to his previous duties as crew leader.  Compl. at ¶ 3.  After examining plaintiff, Dr. Vetter recommended that he be released from restricted duty without further work restrictions related to his wrist.  See Kaiser Permanente History Provider Note (April 3, 2002), Ex. 2 to Compl.  Plaintiff conveyed this medical opinion to PEPCO.

Plaintiff alleges that PEPCO refused to reinstate him as a crew leader in direct defiance of favorable recommendations from Dr. Vetter because of his race and physical handicaps. See Compl. ¶ 13. Plaintiff alleges that he has since been passed over for promotion to construction mechanic, a pay grade seventeen position; that he was denied reinstatement as a crew leader; and that these positions subsequently were awarded to Caucasian males of lesser skill and qualifications. See id. ¶¶ 12, 13. As a result of being denied promotions and reinstatement as a crew leader, plaintiff filed two complaints with PEPCO's employee grievance board, on October 16, 2002 and January 9, 2003. See id. ¶¶ 15, 18. On February 26, 2003, without having received a response from PEPCO, plaintiff submitted his discrimination charge to the District of Columbia Human Rights Commission. See id. ¶ 19. The parties pursued mediation at the recommendation of the Human Rights Commission. After the parties failed to reach an agreement, plaintiff filed suit in this Court. Defendants have filed a motion to dismiss plaintiff's claim for intentional infliction of emotional distress as well as his claims under the Rehabilitation Act and 42 U.S.C. §§ 1985 and 1986.

## II. DISCUSSION

A motion to dismiss for failure to state a claim should not be granted unless it appears "beyond doubt the plaintiff can demonstrate no set of facts that supports his claim entitling him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Harris v.

Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997). While the complaint is to be construed liberally, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. See National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

*A. Rehabilitation Act Claims*

Plaintiff appears to seek recovery under Section 503(a) of the Rehabilitation Act, 29 U.S.C. § 793(a), based on PEPCO's alleged refusal "to accommodate [him] as a part of its policy of discrimination against Brown because of his race." Compl. at 11-12; see Opposition to Defendants' Partial Motion to Dismiss Nunc Pro Tunc ("Opp.") at 2-3. Defendants argue that Section 503(a) does not provide a private right of action. The Court agrees.[2]

Section 503(a) requires the inclusion in any federal contract exceeding $10,000 of a provision requiring the contractor to "take affirmative action to employ and advance in employment qualified individuals with disabilities." 29 U.S.C. § 793(a). And although there is no binding authority in this circuit on the point, it is established law that Section 503 creates no

---

[2] Although the complaint does not state under which sections of the Rehabilitation Act plaintiff seeks relief, plaintiff's opposition to defendants' motion to dismiss argues only that the complaint states a claim under Section 503. In so arguing, plaintiff appears to concede that he states no claim under Sections 501 or 504 of the Act.

This concession is well-advised. Section 504 of the Rehabilitation Act applies to "any program or activity receiving federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794. Section 501 acts only to prohibit disability discrimination by the federal government. See 29 U.S.C. § 791. The complaint alleges no facts from which the Court could conclude that defendants fall within the scope of either provision, and thus fails to state a claim under Sections 501 or 504 of the Rehabilitation Act, as well.

private right of action. See Hodges v. Atchison, T. & S.F. Ry., 728 F.2d 414, 416 (10th Cir. 1984); Painter v. Horne Bros., Inc., 710 F.2d 143, 144 (4th Cir. 1983); Beam v. Sun Shipbuilding & Dry Dock Co., 679 F.2d 1077 (3rd Cir. 1982); Fisher v. City of Tuscon, 663 F.2d 861, 867 (9th Cir. 1981); Davis v. United Airlines Inc., 662 F.2d 120, 127 (2d Cir. 1981); Rogers v. Frito Lay, Inc., 611 F.2d 1074 (5th Cir. 1980); McMullin v. Ashcroft, 337 F. Supp. 2d 1281, 1291 (D. Wyo. 2004); Giacobbi v. Biermann, 780 F. Supp. 33, 35 (D.D.C. 1992); Sanders v. Washington Metropolitan Area Transit Authority, 652 F. Supp. 765, 770 (D.D.C. 1986). As the United States Court of Appeals for the Seventh Circuit has stated:

> By its terms, the language of Section 503 does not manifestly endow with a private judicial remedy any handicapped individual who believes he had been harmed by a contractor's failure to meet his duty of affirmative action. Rather, the language simply requires any federal department or agency contracting with a private employer to include an affirmative action covenant in the procurement or service contract.

Simpson v. Reynolds Metals Co., 629 F.2d 1226, 1241 (7th Cir. 1980).

The Rehabilitation Act sets forth an administrative process through which aggrieved parties may pursue claims of breach of such contractual provisions. The statute provides that "if any individual with a disability believes any contractor has failed or refused to comply with the provisions of a contract with the United States . . . such individual may file a complaint with the Department of Labor." 29 U.S.C. § 793(b). After notification, the Department of Labor must "promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant." Id. Section 503 therefore affords complainants the ability to pursue administrative redress only for contractual breaches, not for violation of the Rehabilitation Act itself.

Because Section 503 does not provide a private right of action, the complaint fails to state a claim upon which relief may be granted, and the Court grants defendants' motion to dismiss plaintiff's claims under the Rehabilitation Act.

*B. Claims Under 42 U.S.C. §§ 1985 and 1986*

Count XII of the complaint seeks redress from PEPCO and its president William Sim under 42 U.S.C. §§ 1985 and 1986 for Sim's alleged failure to "supervise agents of PEPCO to insure that they did not discriminate." Compl. at 14.[3] Defendants argue that plaintiff insufficiently alleges two of the requisite elements of a claim under Section 1985 and therefore that any claim under that section should be dismissed.

Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by invidiously discriminatory animus. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Under Section 1985(3), a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege. See Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 373 (1979) (quoting Griffin v. Breckenridge, 403 U.S. at 102). To state a claim under Section 1985(3), therefore, plaintiff much allege the existence of a conspiracy in fact.

---

[3] Although Count XII does not specify what theory of recovery is asserted, it states that "Sim failed to supervise agents of PEPCO to insure that they did not discriminate and that . . . Sim took no action to stop the ongoing discrimination and harm to Brown." Compl. at 14. Accordingly, it it appears to assert claims under 42 U.S.C. §§ 1985 and/or 1986.

Plaintiff alleges that a conspiracy existed solely between PEPCO and William Sim, the President of PEPCO.[4] Under the intracorporate conspiracy doctrine, however, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036-37 (11th Cir. 2000); see also Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1952) ("a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."); Michelin v. Jenkins, 704 F. Supp 1, 4 (D.D.C. 1989) (granting motion to dismiss Section 1985(3) claim because District of Columbia Board of Education and its officers constituted a single entity); Gladden v. Barry, 558 F. Supp. 676, 679 (D.D.C. 1983) ("the weight of authority holds that there can be no conspiracy if the conduct complained of is essentially a single act by a single entity"). Plaintiff has offered no argument why the intracorporate conspiracy doctrine should not apply, and therefore has not alleged the existence of a conspiracy. Accordingly, the complaint fails to state a claim under 42 U.S.C. § 1985.[5]

---

[4] In his opposition to defendants' motion to dismiss, plaintiff asserts that "[i]t is undisputed that agents of PEPCO conspired with agents of other institutions to establish that Brown was not physically qualified to perform the duties of his job." Plaintiff's Opposition to Defendant's Partial Motion to Dismiss ("Pl. Opp.") at 4. Plaintiff, however, fails to mention any "other institutions" with which PEPCO allegedly conspired to deprive Brown of his personal rights or privileges.

[5] It is also unclear that plaintiff rests his claim on a right or privilege sufficient to support a Section 1985 claim. The Supreme Court in Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, held that statutory rights created by Title VII are not a proper basis for an alleged deprivation of a federal right or privilege under section 1985(3). Justice Stewart, writing for the majority, noted that a contrary holding would allow the complaint to "completely bypass the administrative process[,] which plays such a crucial role in the scheme established by Congress in Title VII." Id. at 376. Under similar logic, defendants argue that "Mr. Brown cannot rest his section 1985(3) claim on the alleged violations of the ADA," because

Section 1986 imposes liability for negligence on persons who have knowledge of "wrongs visited upon persons, and although aware of the wrong, took no action." Thomas v. News World Communications, 681 F.Supp. 55, 72 (D.D.C. 1988). The statute "establishes unambiguously that a colorable claim under section 1985 is a prerequisite to stating an adequate claim for neglect to prevent under section 1986." Id. Because plaintiff fails to state a claim under Section 1985, he also cannot state a claim under Section 1986, and the Court will grant defendants' motion to dismiss those claims.

Accordingly, this Court finds that all claims under Sections 1985 and 1986 with respect to defendants William Sim and PEPCO must be dismissed because the intracorporate conspiracy doctrine precludes liability for alleged conspiracies between employees and their employers, and because liability under Section 1985 is a prerequisite to liability under Section 1986.

*C. Intentional Infliction of Emotional Distress*

Count VIII asserts a claim for intentional infliction of emotional distress. Plaintiff alleges that the actions of PEPCO's management "fit a pattern of behavior that singles out African-Americans for discriminatory treatment," and that this pattern created a hostile work environment that caused plaintiff to suffer extreme emotional distress. Defendants argue in their partial motion to dismiss that "none of the actions alleged by plaintiff arise to the level of 'extreme and outrageous' conduct necessary to sustain" a claim for intentional infliction of

---

such a basis is barred by Novotny. Defendant's Partial Motion to Dismiss ("Mot. Dis.") at 8. Because the complaint fails to allege the predicate conspiracy element for a Section 1985 claim, however, the Court need not reach this issue.

8

emotional distress.  Defendants' Reply in Support of Partial Motion to Dismiss ("Def. Reply") at 2.  Defendants assert that plaintiff's claim amounts to nothing more than a "straightforward employment dispute," which as a matter of law does not state a claim for emotional distress.  Id.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant engaged in "extreme and outrageous" conduct that either intentionally or recklessly caused the plaintiff severe emotional distress.  Abourezk v. New York Airlines, Inc., 895 F.2d 1456, 1458 (D.C. Cir. 1990); Amons v. District of Columbia, 231 F. Supp. 2d 109, 117 (D.D.C. 2002); Kerrigan v. Britches of Georgetowne, 705 A.2d 624, 628 (D.C. 1997).  Conduct is "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" – an extremely difficult standard to meet.  Kaiser v. United States, 761 F. Supp. 150, 156 (D.D.C. 1991) (citing RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).  Especially in the employment context, the standard is exacting.  See Futrell v. Dep't of Labor Fed. Credit Union, 816 A.2d 793, 808 (D.C. 2003); Kerrigan v. Britches of Georgetowne, 705 A.2d at 628.

Plaintiff alleges that defendant refused to allow plaintiff to resume his former duties as a crew leader for medical reasons despite the expressed opinion of plaintiff's physician that plaintiff was fit to do so, restricted plaintiff from operating a commercial vehicle on the job, refused to promote plaintiff to the position of construction mechanic, refused to allow plaintiff to take sick leave that plaintiff requested "due to stress" arising from his employment situation, and demanded that plaintiff submit to a further physical examination as a condition of any promotion.  See Compl. at 6-10.  Construing plaintiff's allegations as true, such conduct is "of the type

attributable to 'employer-employee conflicts [that] do not, as a matter of law, rise to the level of outrageous conduct.'" It is not sufficient to state a claim for intentional infliction of emotional distress. Kerrigan v. Britches of Georgetowne, 705 A.2d at 628 (quoting Howard Univ. v. Best, 484 A.2d 958, 986 (D.C. 1984)).

Plaintiff also makes the general allegation that "PEPCO agents have harassed and otherwise created a hostile work environment," causing plaintiff to suffer an emotional breakdown. See id. at 8. Although "[c]reation of a hostile work environment by racial or sexual harassment may, upon sufficient evidence, constitute a prima facie case of intentional infliction of emotional distress," Howard Univ. v. Best, 484 A.2d at 986, plaintiff does not allege that this conduct was motivated by any discriminatory animus; more importantly, these allegations are far too vague and conclusory to support a claim. Accordingly, the complaint fails to state a claim for intentional infliction of emotional distress, and the Court will grant defendant's motion to dismiss Count VIII of the complaint.

III.   CONCLUSION

Because plaintiff has failed to state a claim for intentional infliction of emotional distress or for violations of the Rehabilitation Act or Sections 1985 and 1986 of the Civil Rights Act of 1964. Accordingly, Counts VIII and XII shall be dismissed.

An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: September 30, 2005                                United States District Judge